UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN ORTEGA,

                          Petitioner(s),

        v.

BRUCE SCOTT, et al.,

                          Respondent(s).

CASE NO. C26-1424-KKE

ORDER DIRECTING SUPPLEMENTAL
BRIEFING

This matter comes before the Court on its own motion.  The Government filed its return to Petitioner's habeas petition (Dkt. No. 10); and Petitioner filed his traverse (Dkt. No. 16).  The traverse contends that Petitioner is entitled to release or a bond hearing based on analysis of the six factors from *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), which are "used for determining whether prolonged detention under [8 U.S.C.] § 1225(b) has become unconstitutional[.]"  Dkt. No. 16 at 1 (quoting *Mohamed v. ICE*, No. 2:26-CV-00181-TL, 2026 WL 497096, at *2 (W.D. Wash. Feb. 23, 2026)).  Elsewhere, Petitioner acknowledges, however, that he "is being held under 8 U.S.C. § 1231(a)(6)"—not § 1225(b)—"as a person with a final removal order[.]" *Id.* at 9.

Because the *Banda* factors are raised for the first time in the traverse, the Government has not responded to their applicability in this case or to Petitioner's analysis of the factors.  Accordingly, the Court will direct the Government to file a supplemental brief addressing these

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 1

points and will direct the Petitioner to file a supplemental brief responding to the Government's brief.

In addition, the parties' supplemental briefs should discuss the growing body of caselaw addressing the procedural requirements imposed by the Fifth Amendment's Due Process Clause on the detention of noncitizens subject to final orders of removal during prolonged withholding-only proceedings. *See, e.g., Cruz v. Bondi*, No. 25-CV-262-JJM-PAS, 2025 WL 3295485 (D.R.I. Nov. 26, 2025) (ordering a bond hearing after analyzing prolonged detention under *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Cabrera Galdamez v. Mayorkas*, No. 22 CIV. 9847 (LGS), 2023 WL 1777310 (S.D.N.Y. Feb. 6, 2023) (same); *Perez De Leon v. Luna*, No. 1:25-CV-424-PB-TSM, 2026 WL 1048396 (D.N.H. Apr. 17, 2026) (ordering ICE to promptly conduct a post-order custody review under 8 C.F.R. § 241.4(k)(2)(ii)). The parties should specifically address the relevance, if any, of the Government's acknowledged failure to conduct any post-order custody review in Petitioner's case, as required by its regulations. *See* 8 C.F.R. § 241.4(h).

The Government is ORDERED to file its supplemental brief no later than June 15, 2026. Petitioner is ORDERED to file its supplemental brief in response no later than June 22, 2026. Neither brief shall exceed ten pages. The clerk shall re-note the petition for June 22, 2026.

Dated this 8th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 2